IRELL & MANELLA LLP
Morgan Chu (CA 70446)
MChu@irell.com
Alan Heinrich (CA 212782)
AHeinrich@irell.com
Jordan Nafekh (CA 328151)
JNafekh@irell.com
Henry White (CA 351549)
HWhite@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
*Attorneys for Foresight Diagnostics Inc.,*
*Ash Alizadeh, Maximilian Diehn, and David Kurtz*

*Additional Counsel Listed Below*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, INC., et al.<br><br>Plaintiffs<br><br>v.<br><br>FORESIGHT DIAGNOSTICS INC., et al.<br><br>Defendants. | Case No. 5:24-cv-03972-EKL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF EXHIBITS 1-11, 18-43, AND 45-103 TO PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO LOCAL RULE 79-5** |

Defendants request that the Court deny Plaintiffs Roche Molecular Systems, Inc. and Roche Sequencing Solutions, Inc.'s (collectively, "Roche") administrative motion to seal Exhibits 18-43 and 45-103 to Roche's First Amended Complaint. Dkt. No. 86 (the "Motion").

Roche's Motion should be denied because Roche has failed even to attempt to comply with this Court's requirements for sealing. Roche, by way of keeping 85 exhibits, in their entirety, from public access, is interfering with the public's right to this Court's files, and moreover is seeking to interfere with Defendants' ability to defend themselves in this case.[1]

Local Rule 79-5 provides that "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." Here, Roche's purported claims for misappropriation of trade secrets in its First Amended Complaint ("FAC") repeatedly cite the exhibits Roche requests to have filed under seal, and Roche has sought to seal 85 exhibits in their entirety. Roche has therefore effectively filed the bulk of its claims under seal, denying the public of its "right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Roche can only overcome the "strong presumption in favor of access to court records" if it provides "compelling reasons" to do so. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see also Paredes v. City of San Jose,* No. 22-cv-00758-PCP, 2023 U.S. Dist. LEXIS 191811, at *4 (N.D. Cal. Oct. 25, 2023). Not only does Roche's Motion fail to provide compelling reasons to support its motion to seal, it also fails to comply with this Court's requirements.

The Local Rules require that a party seeking to seal a document "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." N.D. Cal. Civil L.R. 79-5. A motion to seal must include, for each document sought to be sealed:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> (i) the legitimate private or public interests that warrant sealing;

---

[1] In particular, Plaintiffs' improper and overbroad sealing request is hampering the efforts of the individual Defendants – Drs. Alizadeh, Diehn and Kurtz – to prepare their response to Plaintiffs' FAC, which is due on December 16.

(ii) the injury that will result if sealing is denied; and
(iii) why a less restrictive alternative to sealing is not sufficient;
(2) evidentiary support from declarations where necessary; and
(3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

N.D. Cal. Civil L.R. 79-5. A motion to seal must also "be accompanied by . . . either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." N.D. Cal. Civil L.R. 7-11. Roche's Motion, and the supporting declaration by counsel, Deck. 76-1, wholly fails to satisfy this District's strict sealing standard.

***First***, Roche fails to show that it explored any reasonable alternatives to filing documents under seal, minimizing the number of documents under seal, or avoiding sealing entire documents. Roche seeks to seal 85 documents, all cited in its FAC, in their entirety, without any explanation as to why redactions would not have been possible, or even any explanation or justification that any one of the documents is actually confidential, beyond a single conclusory paragraph offered by counsel purporting to apply to all 85 exhibits. Rosengren Decl., ¶ 3. This is the opposite of a narrowly tailored request, and flies in the face of this Court's primary requirement for a motion to seal. *See RoadRunner Recycling, Inc. v. Recycle Track Sys.,* No. C 23-04804 WHA, 2024 U.S. Dist. LEXIS 154882, at *2 (N.D. Cal. Aug. 28, 2024) (parties in this district "must narrowly tailor requests to seal only the sealable material.") (internal quotations omitted).

Roche has not even attempted to show why Roche's interests could not be protected by redactions. *Id.* at *10 (rejecting movant's assertion that its trade secret disclosure must be sealed in its entirety because it only contained trade secrets). Indeed, Roche cannot show that sealing each exhibit in its entirety is necessary, as much of the information it seeks to seal is undeniably public.

For example, Roche requests to seal the entirety of Ex. 77, which contains "Roche's CAPP-Seq/iDES selector library files." However, the entire library file Roche seeks to seal from the public has already been disclosed a patent application published in 2022. *Compare* Ex. 77 *with* Ex. 111 (public) at 166. As another example, Roche requests to seal the entirety of Ex. 103, which Roche describes as "Roche bioinformatics improvements to CAPP-Seq/iDES workflow." Mot. at 16. Again, this document contains information which Roche admits is described in publicly available

publications. *See e.g.* Ex 103, slides 10-11 (citing a 2016 Newman publication describing iDES); 41 (citing and using a screenshot of a 2014 Newman publication describing FACTERA). Roche cannot argue that there is a "compelling reason" to seal records from the public which are already within the public domain. To make matters worse, many of the exhibits are attached in purported support of alleged "trade secrets" which the FAC itself concedes were disclosed publicly. *Compare, e.g.*, Dkt. 87 at ¶¶ 171, 173 (referencing Exhibits 60-62 and 103 while admitting that "aspects of Roche's CAPP-Seq/iDES indel caller algorithm . . . have been publicly disclosed") with Mot. at 11, 13 (seeking to seal Exhibits 60-62 and 103 in their entirety). These examples illustrate that Roche has not "avoid[ed] wherever possible sealing entire documents" and "narrowly tailored" its motion as required. N.D. Cal. Civil L.R. 79-5.

***Second***, Roche fails to comply with Local Rule 79-5's requirement that "***[f]or each listed*** [document], [a movant] must specifically state: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient." *Chadly v. Music Together, LLC*, No. C 24-01096 WHA, 2024 U.S. Dist. LEXIS 155117, at *2 (N.D. Cal. Aug. 28, 2024). Roche does not address any of the above three requirements on a document-by-document basis as is required (and indeed, does not satisfy them at all). For each document, Roche's motion includes no more than (1) an identification of the document, (2) portions to be sealed (which for each document is "all of it"), and (3) broadly drafted, copy-pasted "Reason(s) for Sealing" (which is identical for each document). *See RoadRunner Recycling, Inc.* 2024 U.S. Dist. LEXIS 154882, at *9 (denying Plaintiff's motion to seal; such a motion must describe "[o]n a passage-by-passage basis . . . what to redact (if anything), the legitimate interest to be protected, the injury that would result if not redacted, and why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result"). Thus, Roche has also violated this Court's Standing Order for Civil Cases Before Judge Eumi K. Lee. *Id.* at 5 ("The filing party must make a ***specific showing as to each statement or document*** to be sealed.").

***Third***, Even if Roche were permitted to group its sealing request under an omnibus explanation for sealing, Roche still fails to provide compelling reasons to support its motion because

it fails to show that legitimate private or public interests warrant sealing; and the injury that will result if sealing is denied. Roche attempts to assert that its interests in "protecting…confidential and proprietary business and technical information" and "protecting against…competitive harm" are sufficient to meet the "compelling reasons" standard. Mot. at 4-5. However, Roche's cited cases demonstrate that general assertions of confidentiality interests do not justify the wholesale sealing of 85 documents. *See Guzik Tech. Enters., Inc. v. W. Digital Corp.,* No. 5:11-CV-03786-PSG, 2013 WL 6092852, at *11 (N.D. Cal. Nov. 19, 2013) (denying motion to seal where movant made "a blanket, general assertion that the 'parties' confidentiality interest therefore overcomes the right of public access to the record, as a substantial probability exists that Western Digital's overriding confidentiality interest will be prejudiced if the record is not sealed.'"); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (granting motion to seal *portions* of several documents and only a single exhibit in its entirety); *Exeltis USA Inc. v. First Databank, Inc*., No. 17-CV-04810-HSG, 2020 WL 2838812, at *3 (N.D. Cal. June 1, 2020) (denying in part the motion to seal as to several documents which movant requested to be sealed in their entirety, only sealing text which contained confidential information).

Roche argues that disclosure of its information would "permit competitors to develop competing products and business strategies undercut or counter Roche's commercial performance." Mot. at 4. But such "vague boilerplate language or nebulous assertions of potential harm will not suffice to support redaction" *Bronson v. Samsung Elecs. Am., Inc*., 2019 U.S. Dist. LEXIS 226306, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019). For example, in *Zakinov v. Ripple Labs, Inc*., the court denied a motion to seal where the movant alleged "[d]ocuments or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm." No. 18-cv-06753-PJH, 2023 U.S. Dist. LEXIS 142615, at *6 (N.D. Cal. Aug. 15, 2023). The court found this "broad, generalized language does not meet the standard for sealing…especially given the volume of the sealing request." *Id*. Courts routinely find broad, generalized allegations of competitive harm do not rise to meet the "compelling reason" standard. *Kamakana*, 447 F.3d at 1181; *see, e.g., Google LLC v. Sonos, Inc.,* No. C 20-06754 WHA, 2023

U.S. Dist. LEXIS 29630, at *5 (N.D. Cal. Feb. 22, 2023) (finding allegations that "competitors could use these details regarding the architecture and functionality of Google's products to gain a competitive advantage in the marketplace with respect to their competing products" inadequate to support motion to seal); *Chadly*, 2024 U.S. Dist. LEXIS 155117, at *6-7 (denying motion to seal where movant conclusorily argued it could face "competitive harm"). Judge Lee's Standing Order notes "[b]lanket requests that make generic reference to 'competitive harm' are almost always insufficient." Standing Order for Civil Cases Before Judge Eumi K. Lee at 5. Roche has failed to support its motion with articulable facts to justify sealing 85 entire documents.

The declaration of Mr. Rosengren does not support Roche's overbroad sealing request because "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson,* 2019 U.S. Dist. LEXIS 226306, at *2-3. Mr. Rosengren's declaration fails to discuss any individual document or portion thereof with particularity. Instead, it indicates that every document sought to be sealed "disclose[s] confidential information relating to Roche's commercial and business interests" and that failure to seal would cause Roche to "suffer a clearly defined, substantial, and specific harm," followed by general allegations of competitive harm similar to those in Roche's motion. Rosengren Decl. ¶¶ 3, 5. This "vague boilerplate language" and these "nebulous assertions of potential harm" are insufficient to meet the "compelling reasons" standard. *Bronson,* 2019 U.S. Dist. LEXIS 226306, at *2-3.

***Fourth***, Roche has not filed "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained" as is required by L.R. 7-11. This simple failure, combined with Roche's general flouting of the Court's requirements for sealing, shows Roche has not taken its obligations to the public, this Court, or Defendants seriously.

For the reasons stated above, Roche has failed to meet the basic adequacy requirements of a motion to seal under Local Rule 79-5. It seeks to seal 85 documents in their entirety, which form the basis of its pleading, based on no more than vague and nebulous allegations of harm. Roche has completely failed to comply with the applicable local rules, and Roche's motion should be denied.

DATED: November 26, 2024

Irell & Manella LLP

/s/ *Alan Heinrich*

Morgan Chu (CA 70446)
MChu@irell.com
Alan Heinrich (CA 212782)
AHeinrich@irell.com
Henry White (CA 351549)
HWhite@irell.com
Jordan Nafekh (CA 328151)
JNafekh@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Quinn Emanuel Urquhart & Sullivan LLP

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Andrew J. Bramhall (Bar No. 253115)
andrewbramhall@quinnemanuel.com
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, California 94065
Telephone: (650) 801 5000
Facsimile: (650) 801 5100

David M. Elihu (Bar No. 303043)
davidelihu@quinnemanuel.com
Sandra L. Haberny (Bar No. 260977)
sandrahaberny@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

*Attorneys for Defendant*
*Foresight Diagnostics Inc.*

DATED: November 26, 2024

Irell & Manella LLP

_/s/ *Alan Heinrich*___________________

Morgan Chu (CA 70446)
MChu@irell.com
Alan Heinrich (CA 212782)
AHeinrich@irell.com
Jordan Nafekh (CA 328151)
JNafekh@irell.com
Henry White (CA 351549)
HWhite@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Defendants*
*Dr. David Kurtz, Dr. Maximilian Diehn, and Dr. Ash Alizadeh*

DATED: November 26, 2024

Pillsbury Winthrop Shaw Pittman LLP

___/s/ *David Tsai*___________________

Jacob R. Sorensen
jake.sorensen@pillsburylaw.com
David J. Tsai
david.tsai@pillsburylaw.com
Zandir Morton
alekzandir.morton@pillsburylaw.com
Natalie Truong
natalie.truong@pillsburylaw.com
Four Embarcadero Center 22nd Floor
San Francisco, CA 94111-5998
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

*Attorneys for Defendant*
*The Board of Trustees of the Leland Stanford Junior University*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, a true and correct copy of the foregoing was served upon the following attorneys of record via the Court's ECF system:

Charlie Cox
James Lyons
Mark D. Flanagan
Robert J. Gunther, Jr.
Christopher R. Noyes
Robert B. Stiller
Kate Saxton

*Attorneys for Plaintiffs Roche Molecular Systems, Inc. And Roche Sequencing Solutions, Inc.*

Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Alan Heinrich*

Alan Heinrich
*Attorneys for Dr. David Kurtz, Dr. Maximilian Diehn, and Dr. Ash Alizadeh*