UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORESIGHT DIAGNOSTICS INC., et al.,<br><br>Defendants. | Case No. 24-cv-03972-EKL  (SVK)<br><br>**ORDER FOLLOWING MARCH 13, 2025 HEARING ON DISCOVERY DISPUTE**<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 131, 132 |

Before the Court is the Parties' discovery dispute concerning whether Plaintiff Roche Molecular Systems. Inc. ("Roche") has described its trade secrets with sufficient particularity. Dkt. 132. The Court reviewed the Parties' submissions and relevant law and held a sealed hearing on March 13, 2025. The Court ruled from the bench, and a complete statement of the Court's reasoning is as set forth on the record. The Court's rulings are summarized as follows:

1. The Court **ORDERED** that Roche's identification of trade secrets, which is presently in the form of an interrogatory response, must be revised as discussed at the hearing and set forth in the form of a Rule 2019.210 statement[1] on the schedule set forth below. Roche will be required to show good cause for any later modification to its identification of trade secrets.

    a. Roche must provide Defendants with its Rule 2019.210 statement by **March 23, 2025** (Sunday). The Parties must promptly engage in good faith, robust meet and confer efforts if there is any disagreement over whether the Rule 2019.210 statement complies with the Court's rulings at the hearing.

---
[1] *See* Cal. Code Civ. Proc. § 2019.210.

    b.    By **March 27, 2025,** Roche must file its Rule 2019.210 statement with the Court, under seal.  Any dispute regarding whether the statement complies with the Court's rulings must be filed the same day in a joint statement that complies with the undersigned's Civil and Discovery Referral Matters Standing Order.

    c.    The Parties may stipulate to a modest extension of these deadlines.

2. A summary of the Court's rulings on modifications Roche must make to its trade secret disclosures is as follows:

    a.    For all of the allowed trade secrets[2], Roche is to:

        i.    Include the Exhibit pin cites contained in Table 1 to the Declaration of Dr. Edwards and state that the pages cited represent a complete list of the subject (e.g., adapters) trade secrets.  This language is without prejudice to Plaintiffs moving to amend the 2019.210 statement upon a showing of good cause, as indicated above.

        ii.    Remove all "catch-all" language (e.g., "exemplary," "including," etc.)

    b.    **Trade Secret 3**:  For each Oligo, the disclosure must include the locations within the specified page ranges where the Oligo begins and ends.

    c.    **Trade Secret 5**:  Roche must conform the description of this trade secret to paragraphs 59, 60 and 61 of the Edwards declaration.  Pages 1-30 of Exhibit 1 must be highlighted to identify those sections that reflect the reagents trade secrets.

    d.    **Trade Secret 6**:  Withdrawn by Roche.

    e.    **Trade Secrets 7-15**:  Roche made source code available to Defendants yesterday.  By **March 21, 2025**, Roche must produce any additional source code to Defendants or confirm that there is no additional source code.  The Parties must meet and confer on any issues regarding Roche's source code production during **the week of March 24, 2025**.  Any further disputes are to be included in the joint statement as

---

[2] All of the trade secrets identified in Ex. B are allowed to be included in the Rule 2019.210 statement with the modifications summarized herein, except for no. 6 (withdrawn) and no. 19 (disallowed as proffered).

provided in section 1(b) above.

  f. **Trade Secrets 17 and 18**: Roche's trade secret disclosure will not include any CAPP-Seq/iDES blacklisted or whitelisted genes that were located after the filing of this action.

  g. **Trade Secret 18**: The disclosure of whitelisted genes must incorporate the relevant language from the Edwards declaration, paragraphs 155 & 156, as discussed at the hearing.

  h. **Trade Secret 19**: This trade secret is a catch-all and may not be included in the Section 2019.210 statement.

3. Good cause appearing, the Court **GRANTS** the unopposed administrative motion at Dkt. 131 for leave to file under seal portions of the exhibits to the joint discovery dispute statement.

  **SO ORDERED.**

Dated: March 13, 2025

SUSAN VAN KEULEN
United States Magistrate Judge