Robert J. Gunther, Jr. (NY SBN: 1967652)
  robert.gunther@wilmerhale.com
Christopher R. Noyes (*pro hac vice*)
  christopher.noyes@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Plaintiffs
Roche Molecular Systems, Inc. and
Roche Sequencing Solutions, Inc.*

IRELL & MANELLA LLP
Morgan Chu (SBN 70446)
Alan Heinrich (SBN 212782)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
MChu@irell.com
AHeinrich@irell.com

*Attorneys for Defendants Foresight Diagnostics Inc., Ash Alizadeh, Maximilian Diehn, and David Kurtz*

PILLSBURY WINTHROP SHAW PITTMAN LLP
Jacob R. Sorensen (SBN 209134)
  jake.sorensen@pillsburylaw.com
David J. Tsai (SBN 244479)
  david.tsai@pillsburylaw.com
Alekzandir Morton (SBN 319241)
  alekzandir.morton@pillsburylaw.com
Natalie Truong (SBN 346680)
  natalie.truong@pillsburylaw.com
Four Embarcadero Center 22nd Floor
San Francisco, CA 94111-5998
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

*Attorneys for Defendant The Board of Trustees of the Leland Stanford Junior University*

(A complete list of counsel is included in the signature block.)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORESIGHT DIAGNOSTICS INC., et al., <br><br> Defendants. | CASE NO. 5:24-cv-03972-EKL <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

The Parties jointly submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9, the Court's Case Management & Scheduling Order, Dkt. 77, the Clerks' Notice Resetting Motions Hearing and Further Case Management Conference, Dkt. 133, and this Court's guidance during the October 23, 2024 Case Management Conference.

**1.     Pending Motions**

    **A.  *Plaintiffs' Statement***

Roche served interrogatories and requests for production last November. While Roche provided an interrogatory response on October 30, 2024 detailing its trade secrets with specificity, and supplemented that response on November 22, 2024 to provide a 60-page trade secret description supported by 95 exhibits, Defendants flatly refused to provide any discovery, claiming that Roche's interrogatory response failed to comply with Rule 2019.210. Roche moved to compel responses to its discovery requests on February 21, 2025. Dkt. 132. On March 13, 2025, Magistrate Judge van Keulen directed Roche to convert its trade secret disclosure from an interrogatory response to a Rule 2019.210 statement to be filed on the record, as well as other modifications to its identification and disclosure of its trade secrets, Dkt. 144, and on March 28, Roche filed a revised 2019.210 statement consistent with the Court's order, Dkt. 148, to which Defendants did not object. Given the Court's determination that Roche's trade secret statement satisfies the requirements of Rule 2019.20, Defendants are required to provide discovery in response to Roche's long-outstanding requests. However, after holding up all discovery for months on the basis of objections to Roche's trade secret identification, Defendants have still largely failed to respond to Roche's discovery requests, as detailed below.

Defendants' motions to dismiss Roche's First Amended Complaint (Dkts. 103, 105, 107, 109 (motions), 118, 119, 120, 121 (oppositions), and 127, 128, 129, 130 (replies)) are fully briefed, and a hearing is scheduled for April 30, 2025. Below, Defendants re-raise their request for early summary judgment regarding their statute of limitations defense. First, Defendants have not met and conferred with Roche about this flawed proposal, despite this Court's instruction to do so, *see* Oct. 23, 2024 Tr. 18:24-25, instead, Defendants raised this proposal for the first time since that conference in this statement. Regardless, the proposal fails for multiple reasons. Defendants cite

1  no authority for their proposal. Roche is not aware of any case allowing early summary judgment
2  under these circumstances. In fact, the 9th Circuit has overturned summary judgment granted prior
3  to discovery. *See InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 655 (9th Cir. 2020).
4  Defendants seek to continue to stall discovery and deviate from a proper case schedule without any
5  basis. Early summary judgment on this limited issue is not only improper, it unfairly provides
6  Defendants with additional chances at summary judgment, without permitting Roche a similar
7  opportunity.

8  Moreover, as explained in Roche's oppositions to Defendants' motions to dismiss—which
9  address Defendants' arguments in detail—Defendants' arguments fail on the merits. Defendants'
10 substantive arguments rely wholly on purported knowledge by Roche of the existence of PhasED-
11 Seq and of Foresight. This is not sufficient to put Roche on notice of misappropriation. Knowledge
12 that PhasED-Seq was being compared favorably to CAPP-Seq, such as Defendants attempt to show
13 in the text messages included below, is not sufficient to put Roche on notice that PhasED-Seq *used*
14 trade secrets misappropriated from CAPP-Seq; in fact, in the very text messages Defendants point
15 to, Dr. Lovejoy, the Roche employee, explicitly asks Dr. Kurtz about the "*new* monitoring method"
16 — not an improved method. As has been pointed out on numerous occasions, ctDNA testing itself
17 is not a trade secret. That competitors to Roche were pursuing ctDNA testing methods did not put
18 Roche on notice of misappropriation. As with their motions to dismiss, Defendants' arguments
19 themselves highlight the fact intensive nature of this argument, making a summary judgment
20 motion inappropriate. Finally, Defendants cannot assert that this issue is ripe for summary
21 judgment while simultaneously asserting (as they do below) that a motion to compel on these same
22 issues may be warranted.

23      **B.** *Defendants' Statement*

24  Argument on Defendants' motions to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) is set
25  for April 30, 2025. Dkt. 133. Defendants respectfully submit that Roche's claims should be
26  dismissed with prejudice for the reasons given in those motions. However, even if Roche's
27  arguments in opposition were entitled to any weight—they are not, because they improperly attempt
28

to walk back Roche's own binding allegations in the FAC—Roche's arguments merely set the stage for an early summary judgment motion on Defendants' statute of limitations (SOL) defense.

### 1. Defendants' Early Summary Judgment Proposal

Accordingly, if the Court denies Defendants' motions to dismiss, Defendants request that the Court order early summary judgment proceedings, specifically: (a) that the Court order the parties to prioritize SOL-related discovery such that it be completed by July 15, 2025, and (b) that the Court set a schedule for summary judgment briefing such that the Court may hear argument on Defendants' SOL motion by November 1, 2025.

Defendants provide the following offer of proof to support their early summary judgment proposal. Dkt. 89 at 18:5-19:24 (Court requesting "very cogent argument both for why [early summary judgment is] necessary, how it will streamline, and then what's the scope of it"). Based on the evidence already in Defendants' possession, targeted discovery will confirm that Roche was indisputably aware of all the relevant facts on which it bases its claims before the limitations date. Roche was not merely aware "of the existence of PhasED-Seq and Foresight," as Roche argues above; Roche was aware, prior to the limitations date, of the very set of facts that it contends in the FAC is sufficient to state a claim for trade secret misappropriation. As such, its claims are barred by the SOL as a matter of law. Resolution of this issue in Defendants' favor will resolve the case.

### 2. Defendants' Offer of Proof

As noted in Defendants' motions to dismiss, the FAC's main evidence of misappropriation of the CAPP-Seq trade secrets is a peer-reviewed paper co-authored by the Stanford Oncologists, Chabon 2020 (Ex. 104), published in the leading scientific journal *Nature* on March 25, 2020—before the three-year SOL date. FAC ¶¶ 273-278, 281. Chabon 2020 reports certain "improvements" to "CAPP-Seq" made at Stanford in connection with a new assay called "lung cancer likelihood in plasma (Lung-CLiP)." Dkt. 088-103 (FAC, Ex. 104) at 1. In the section entitled "Defendants' Misappropriation of Roche's Trade Secrets," the FAC alleges that Chabon 2020 demonstrates that the Stanford Oncologists used without authorization, and hence misappropriated, seven separate CAPP-Seq trade secrets. *See* Dkt. 103 (MTD) at 7.

Roche had <u>actual notice</u> of Chabon 2020 prior to the SOL date. For example, on October

28, 2020, six key Roche scientists, including the Roche Sequencing CMO and another scientist Roche has identified as having relevant knowledge for this case published a journal article citing Chabon 2020. In particular, they cited Chabon 2020 for its teaching related to "variant calling," which Roche now claims as a trade secret. ("**On the basis of work by Chabon** [] we called CHIP mutations using results from **variant calling** in baseline plasma to query the plasma-derived variants in PBMCs."); *cf.* FAC ¶ 273 ("Drs. Alizadeh, Diehn, and Kurtz used Roche's CAPPSeq/iDES adaptive **variant caller algorithm** trade secret to develop and perform PhasED-Seq. . . . A 2020 paper co-authored by Drs. Alizadeh, Diehn, Kurtz, and Foresight cofounder Jake Chabon [Chabon 2020] also describes the use of the **CAPP-Seq adaptive variant caller** . . ."); *id.* ¶ 274 ("Chabon 2020 further acknowledges the use of **Roche's adaptive variant caller**").

In opposition to Defendants' motions to dismiss, Roche attempted to walk back the FAC's allegations that Chabon 2020 evidences the misappropriation of Roche trade secrets by arguing the paper "said nothing about the PhasED-Seq technology, which forms the basis of Roche's misappropriation claims." Dkt. 118 at 5. Roche also argued that "[i]t was only later, and at least after the January 9, 2021 limitations date, that Foresight and the Individual Defendants began publishing about their competing PhasED-Seq technology." *Id.* Roche's after-the-fact argument is as a factual matter demonstrably false. It should furthermore be rejected as contrary to Roche's pleading allegations. But even if given weight purely for pleading purposes—despite its falsity and binding nature on Roche—this argument sets a perfect stage for early summary judgment.

The culmination of the FAC's list of alleged trade secrets is its Trade Secret 19, the "Detection and Analysis of Phased Variants," which is Roche's attempt at a shorthand description for PhasED-Seq. FAC ¶¶ 223-227. The Stanford Oncologists began publishing on PhasED-Seq in late 2019. And Roche had actual knowledge of PhasED-Seq, including that it involves the "detection and analysis of phased variants," immediately upon publication.[1]

---

[1] The Court has since ordered Roche to drop Trade Secret 19 from the case—the only alleged trade secret directed to PhasED-Seq. Nevertheless, the fact Roche asserted Trade Secret 19 in the FAC is a binding judicial admission for SOL purposes. *Casumpang v. Hawaiian Com. & Sugar Co.*, 712 F. App'x 709, 710 (9th Cir. 2018) (claims were time-barred based on allegations in complaint, which "are considered judicial admissions conclusively binding on the party who made them").

As the Stanford Oncologists explained in detail in their speaking answers to Roche's original complaint, Dr. Kurtz and Dr. Alizadeh presented PhasED-Seq at the 2019 meeting of the American Society of Hematologists ("ASH 2019"), a major scientific conference. Diehn/Alizadeh Answer ¶ 6. Key Roche scientists, including Roche's Principal Scientist Dr. Alex Lovejoy and its Chief Medical Officer Dr. John Palma, attended. Dr. Kurtz's presentation, titled "Phased Variant Enrichment for Enhanced Minimal Residual Disease Detection from Cell-free DNA," disclosed PhasED-Seq and its superiority over CAPP-Seq. Dkt. 54-05. The presentation disclosed that PhasED-Seq involves the detection and analysis of phased variants and included nine slides comparing PhasED-Seq head-to-head with CAPP-Seq, *id.* at 8-16, with titles such as "PhasED-Seq outperforms iDES-enhanced CAPP-Seq for disease quantification," *id*. at 9. Drs. Alizadeh and Kurtz also presented PhasED-Seq at an additional session of the ASH 2019 Conference at which Roche's own Dr. Lovejoy gave a presentation on Roche's AVENIO assay.[2]

On November 6, 2019, leading up to the conference, the abstract for Dr. Kurtz's ASH 2019 presentation on PhasED-Seq was published online and made publicly available. Roche's Principle Scientist Dr. Lovejoy messaged Dr. Kurtz about his "new monitoring method" the same day:



---

[2] Dr. Lovejoy's presentation cited Dr. Kurtz's 2018 paper on an approved CAPP-Seq assay for lymphoma. Roche's awareness that the Stanford Oncologists continued to perform CAPP-Seq in their research following the CappMed acquisition, including the research reported in Dr. Kurtz's 2018 paper, is further evidence of the untimeliness of Roche's claims, as Roche is now taking the position that Roche's alleged trade secrets are needed to practice CAPP-Seq. *See* Roche's Response to Defendant Maximilian Diehn's Interrogatory No. 4. Defendants' SOL motion will address this issue, as well.

Figures D and F, which Dr. Lovejoy called out, directly compared PhasED-Seq and CAPP-Seq:

 

Thus, by Chabon 2020's publication in March 2020, Roche was not only aware, by its own admission, that the Stanford Oncologists had used and published on 7 separate alleged Roche CAPP-Seq trade secrets; Roche was also aware that they had *already* developed a competing assay—PhasED-Seq, which detects and analyzes phased variants—and publicly presented head-to-head data demonstrating the superiority of PhasED-Seq over CAPP-Seq. Because a misappropriation claim accrues when the plaintiff was on actual or inquiry notice that the defendant had misappropriated *any* trade secret, Roche's awareness of the foregoing facts readily triggered its duty to investigate all potential claims. *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 525 (N.D. Cal. 2000); *see also HiRel Connectors, Inc. v. U.S.*, 465 F. Supp. 2d 984, 988 (C.D. Cal. 2005) ("date of accrual is the date of the initial misappropriation").

Notably, the Stanford Oncologists' ASH 2019 presentation and abstract on PhasED-Seq are much more detailed than the FAC's own purported "smoking gun" for its misappropriation claim, namely, a Stanford News Center story dated December 11, 2023. That story stated:

> PhasED-Seq builds upon a technique called CAPP-Seq, or cancer personalized profiling by deep sequencing . . . But PhasED-Seq is much more sensitive. "CAPP-Seq could detect as few as one cancer DNA sequence in 10,000 non-cancer DNA sequences," Diehn said. "But PhasED-Seq can detect less than one cancer DNA sequence in 1 million . . . ."

FAC, Ex. 12 at 3. The FAC alleges these statements in the Stanford News Center story were enough

to "indicat[e] that Drs. Alizadeh, Diehn and Kurtz" misappropriated Roche's trade secrets "in developing PhasED-Seq." FAC ¶ 263. But all of these facts about PhasED-Seq and more had been published and publicly presented to Roche personnel four years earlier at ASH 2019, including that PhasED-Seq is much more sensitive than CAPP-Seq. And notably, while the FAC quotes the Stanford News Center statement that PhasED-Seq "builds upon" CAPP-Seq four times as a purported smoking gun for its claims, FAC ¶¶ 10, 227, 263, 300, the ASH 2019 presentation included the synonymous statement that "PhasE[D]-Seq *improves on CAPP-Seq* for MRD detection." Thus, based on its own theory of its case in the FAC, ASH 2019 combined with Chabon 2020 put Roche on actual notice of all pertinent facts underlying its claims before the SOL date.

Roche was also on actual notice prior to the limitations date that the Stanford Oncologists founded Foresight Diagnostics to commercialize PhasED-Seq. The FAC alleges that "Drs. Diehn, Alizadeh, and Kurtz *secretly co-founded Defendant Foresight* in May 2020." FAC ¶ 5. The FAC repeats this charge of "secrecy" multiple times, beginning in its opening paragraph. FAC ¶¶ 1, 5, 237. In fact, the Stanford Oncologists told Roche about Foresight within months of its founding, and by the summer of 2020—still before the limitations date—the two companies had already started business discussions. Diehn/Alizadeh Answer at ¶ 6.

For example, on August 18, 2020, Dr. Chabon emailed Roche's Senior Director for Alliance Management, Sloan Rausser, about one such meeting, explicitly informing him that "[f]or the purposes of this meeting, and for any subsequent meetings/correspondence between Roche and Foresight, we would like it to be clear that Max [Diehn] and Ash [Alizadeh] are representing Foresight. Would this be acceptable from your perspective?" *Id*. Mr. Rausser raised no concern or objection and stated that he "look[ed] forward to setting up a meeting with you, Ash and Max." *Id*. The following month, Roche's Chief Medical Officer, John Palma—who was also at the ASH 2019 conference—introduced Drs. Diehn and Alizadeh to Roche's incoming Vice President:

> I would like to introduce you to Max Diehn and Ash Alizadeh who are renowned oncologists from Stanford. ***They have been great partners in the development of AVENIO*** [**trade name for Roche's CAPP-Seq assay] and many clinical studies that we have done. . . . ***Also, they are founders of a new company (Foresight Dx) that has some innovative analysis methods for MRD and early detection.***

Diehn/Alizadeh Answer at ¶ 6.  Roche was thus also well aware that the Stanford Oncologists formed Foresight to commercialize PhasED-Seq before the SOL date.

*           *           *

Defendants submit that the foregoing exemplary facts not only demonstrate that Roche's claims are untimely but are also objectively baseless.  Roche should not be permitted to drag the parties—including three practicing oncologists whom Roche sued individually—through years-long litigation when it is as clear as this that Roche cannot survive a motion for summary judgment on the SOL.  Defendants thus respectfully request that the Court grant their early summary judgment proposal to allow for an efficient early resolution of this case.

## 2.     Status of Discovery

The Parties negotiated a Stipulated Protective Order, which the Court granted on December 19, 2024.  Dkt. 111.  Magistrate Judge Susan van Keulen deferred ruling on Plaintiffs' request for a prosecution bar in the Stipulated Protective Order until issues regarding the adequacy of Plaintiffs' disclosure of trade secrets are resolved.  Dkt. 94.  The Parties entered into an ESI stipulation addressing preservation, collection, and production of ESI.  Dkt. 135.

### A.     *Plaintiffs' Statement*

Beginning last November, Roche has served 380 Requests for Production ("RFPs") and 57 Interrogatories among the Defendants.  Defendants have not provided a single substantive response to any of Roche's Interrogatories, all of which were served over six months ago.  Defendants did not provide any substantive responses to Roche's RFPs until April 15, the night before this joint statement was due.  As detailed above, following its motion to compel, Roche filed a Rule 2019.210 statement, to which Defendants did not object.  On the same day, Roche sought confirmation that Defendants would provide substantive discovery responses by April 14.

In response, Foresight and the individual defendants committed to provide substantive responses to Roche's RFPs by April 14.  Both Foresight and individual defendants provided their responses late in the evening on April 15, and while they agreed to meet and confer regarding the scope of some requests, and to produce certain documents in response to others, their responses remain deficient.  In particular, Foresight and individual defendants seek to limit the substantive

production they will make regarding the technology claimed by Defendants. For instance, they only agreed to provide documents and information "representative" of the technical details Roche requested related to Foresight and PhasED-Seq's use of Roche's trade secrets. Foresight has refused to produce any documents related to iDES, and went so far as to assert that the source code used in PhasED-Seq, the subject of this litigation, "is of no relevance to this case." Regardless, Roche will meet and confer in good faith, and take appropriate action if Defendants' productions remain deficient, as they have been for more than six months. While Stanford appeared to have agreed to provide substantive responses to all of Roche's outstanding requests by April 14, they did not. No Defendant has supplemented its responses to Roche's Interrogatories. Plaintiffs' discovery requests have now been outstanding for more than six months without any substantive responses even though half of the scheduled fact discovery period has elapsed.

To date, Foresight has produced only ***four*** non-public documents, a set of license agreements between Defendants Foresight and Stanford that Roche had already received as part of the CappMed acquisition. The only other documents it has produced are publicly available and relate to domestic and international patent applications. None of the other defendants have produced any public or non-public documents or any source code. Roche continues to be willing to meet and confer as necessary, but there is no basis for Defendants to continue to delay and impede Roche's discovery.

Defendants have served 138 RFPs, 36 Interrogatories, and 13 Requests for Admission ("RFAs"). Roche has timely and thoroughly responded to all of Defendants' requests, including providing 144 pages of Interrogatory responses, and producing nearly 10,000 pages of substantive documents, including protocols, clinical guidelines, and data used in Roche's computational pipeline. Roche has also made available 388 script files containing source code, which Defendants inspected on March 21. Defendants state below that despite Roche's productions, Roche has not yet produced *specific* documents, ignores the rolling nature of discovery and Roche's good faith efforts to meet and confer to address Defendants' concerns. Roche will continue to produce responsive documents, as it has been, and as it has agreed to do.

B. *Defendants' Statement*

Despite being served with requests for production and interrogatories over six months ago, Plaintiffs have yet to produce documents and communications or substantively respond to interrogatories related to Defendants' statute of limitations defense. On March 28, 2025, Defendants sent Plaintiffs a letter demanding immediate production of such documents and information responsive to discovery requests served as early as September 2024. Defendants have failed to address the deficiencies in their discovery responses and productions (or lack thereof) outlined therein. Further, on February 25, 2025, Dr. Kurtz served RFPs that are narrowly targeted to specific factual questions relevant to Defendants' SOL defense (*e.g.*, Dr. Kurtz's Request No. 22: "All Documents and Communications prior to January 9, 2021 relating to Dr. Kurtz's presentation at the ASH 2019 Conference titled 'Phased Variant Enrichment for Enhanced Minimal Residual Disease Detection from Cell-free DNA,' including but not limited to documents sufficient to identify all Roche personnel who attended Dr. Kurtz's presentation."). Similarly, on February 19, 2025, Stanford served a single RFP specifically directed towards Defendants' statute of limitations defense (*see* Stanford's Request No. 1: "ALL DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control relating to the STANFORD MARKETING E-MAIL."). These narrowly targeted requests pose minimal burden on Roche, and yet Roche has still failed to produce a single document responsive to these requests. Defendants anticipate moving to compel Roche to produce relevant documents on SOL issues.

### 3. Settlement and ADR (Joint)

The Parties attended a two-day mediation on February 19 and 20, 2025 before a mutually agreed-upon neutral party, the Hon. Faith Hochberg (Ret.), satisfying ADR L.R. 3-5. The Parties did not resolve the dispute but agreed to continue discussions and to revisit mediation at a later point in the litigation if appropriate. Dkt. 136.

### 4. Additional Case Management Conferences (Joint)

At this time, the Parties agree that there are no further issues that require any additional hearings, besides those already scheduled. The parties may file additional motions to compel. As detailed in Section 4, Defendants may seek to file an early summary judgment motion.

Dated: April 16, 2025

| | |
|---|---|
| **WILMER CUTLER PICKERING HALE AND DORR LLP** | **IRELL & MANELLA LLP** |
| */s/ James M. Lyons* | */s/ Jordan Nafekh* |
| Robert J. Gunther, Jr. (NY SBN: 1967652)<br>    robert.gunther@wilmerhale.com<br>Christopher R. Noyes (pro hac vice)<br>    christopher.noyes@wilmerhale.com<br>Reshma Gogineni (pro hac vice)<br>    reshma.gogineni@wilmerhale.com<br>Anna Mizzi (pro hac vice)<br>    anna.mizzi@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY  10007<br>Telephone:  (212) 230-8800 | Morgan Chu (CA 70446)<br>Alan Heinrich (CA 212782)<br>Jordan Nafekh (CA 328151)<br>Henry White (CA 351549)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br>MChu@irell.com<br>AHeinrich@irell.com<br>JNafekh@irell.com<br>HWhite@irell.com |
| Arthur W. Coviello (SBN: 291226)<br>    arthur.coviello@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA  94306<br>Telephone:  (650) 858-6000 | *Counsel for Defendants Foresight Diagnostics Inc. and Ash Alizadeh, Maximilian Diehn, and David Kurtz* |
| Katie Marie Saxton (pro hac vice)<br>    kate.saxton@wilmerhale.com<br>James M. Lyons (pro hac vice)<br>    james.lyons@wilmerhale.com<br>60 State Street<br>Boston, MA  02109<br>Telephone:  (617) 526-6860 | **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br>Kevin P.B. Johnson (Bar No. 177129)<br>Andrew J. Bramhall (Bar No. 253115)<br>555 Twin Dolphin Drive, Fifth Floor<br>Redwood Shores, CA  94065<br>Telephone:    (650) 801 5000<br>Facsimile:     (650) 801 5100<br>kevinjohnson@quinnemanuel.com<br>andrewbramhall@quinnemanuel.com |
| Charles T. Cox, Jr. (pro hac vice)<br>    charlie.cox@wilmerhale.com<br>Robert B. Stiller (pro hac vice)<br>    robert.stiller@wilmerhale.com<br>2100 Pennsylvania Avenue NW<br>Washington, DC  20037<br>Telephone:  (202) 663-6000 | Sandra L. Haberny (Bar No. 260977)<br>David M. Elihu (Bar No. 303043)<br>Hana Oh (Bar No. 300846)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017<br>Telephone:    (213) 443 3000<br>Facsimile:     (213) 443 3100<br>sandrahaberny@quinnemanuel.com<br>davidelihu@quinnemanuel.com<br>hanaoh@quinnemanuel.com |
| Joshua H. Lerner (SBN: 220755)<br>    joshua.lerner@wilmerhale.com<br>50 California Street, Suite 3600<br>San Francisco, CA 94111<br>Telephone: (628) 235-1000 | |
| *Counsel for Plaintiffs* | *Counsel for Defendant Foresight Diagnostics Inc.* |

1  *Roche Molecular Systems, Inc. and*
2  *Roche Sequencing Solutions, Inc.*

**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**

/s/ <u>Alekzandir Morton</u>
Jacob R. Sorensen (SBN 209134)
David J. Tsai (SBN 244479)
Alekzandir Morton (SBN 319241)
Natalie Truong (SBN 346680)
Four Embarcadero Center 22nd Floor
San Francisco, CA  94111-5998
Telephone:  (415) 983-1000
Facsimile:   (415) 983-1200
jake.sorensen@pillsburylaw.com
david.tsai@pillsburylaw.com
alekzandir.morton@pillsburylaw.com
natalie.truong@pillsburylaw.com

*Attorneys for Defendant The Board of Trustees of the Leland Stanford Junior University*

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: April 16, 2025                    By: */s/ Savannah T. Slotkin*
                                             Savannah T. Slotkin (Bar No. 348459)
                                             savannahslotkin@quinnemanuel.com
                                             865 S Figueroa St., 10th Floor
                                             Los Angeles, CA  90017
                                             Telephone: (213) 443-3000

                                             *Counsel for Defendant*
                                             *Foresight Diagnostics Inc.*