# EXHIBIT 2



# ROCHE MOLECULAR SYSTEMS, INC.
# PROPRIETARY INFORMATION AND INVENTION AGREEMENT

This Proprietary Information and Invention Agreement ("Agreement") is entered into by and between me and Roche Molecular Systems, Inc. ("Roche"). In consideration of my employment or continued employment by Roche and of salary, wages or other compensation to be paid by Roche to me, I hereby agree as follows:

1. <u>No Disclosure of Secret and/or Confidential Information of Prior Employers to Roche</u>. I will not disclose to Roche or its Affiliates, or use in my work at Roche, any secret, confidential or proprietary idea and/or information obtained from or belonging to a prior or other employer, except and only as may be authorized in writing by such employer.

2. <u>No Unnecessary External Disclosure of Secret and/or Confidential Information During Employment</u>. During my employment by Roche, I will not copy, disclose, utilize or otherwise use any secret, confidential or proprietary idea and/or information that is (i) developed by me for Roche or its Affiliates or (ii) obtained while I am employed by Roche from Roche, its employees, consultants, vendors or Affiliates, except in my work for Roche, with the prior written approval of Roche, or as otherwise required by law.

3. <u>Required Disclosure of Inventions to Roche</u>. I understand and agree that I must immediately disclose to Roche or its designee and keep adequate records of any invention, discovery, improvement, process, product or device, that is conceived, discovered, made or reduced to practice, whether patentable or not, either solely or jointly, by me during my employment by Roche, if such invention, discovery, improvement, process, product or device (i) relates to Roche's Area of Interest, (ii) is developed specifically by me for Roche or its Affiliates, (iii) is developed in the course of performing work for Roche or its Affiliates or (iii) is based on Roche secret, confidential or proprietary ideas and/or information.

4. <u>Disclosure of Agreements With Prior Employers Relating to Inventions or Restricting Employment</u>. I will use my best efforts to obtain and furnish Roche with copies of all written agreements entered into by me with prior or other employers either relating to inventions or secret, confidential or proprietary ideas and/or information, or in any way restricting or otherwise relating to my employment by Roche (such as a covenant not to compete), unless I am under an obligation not to disclose the contents of any such agreement.

5. <u>Ownership of Inventions</u>. I understand and agree that any invention, discovery, improvement, process, product or device that is conceived, discovered, made or reduced to practice, whether patentable or not, whether solely or jointly, by me, during my employment by Roche, is the property of Roche, if, at the time of conception, discovery, creation or reduction to practice, such invention, discovery, improvement, process, product or device (i) relates to (a) Roche's business or (b) an actual or demonstrably anticipated research or development on the part of Roche, or (ii) results from work that I (a) performed for Roche, (b) did not develop exclusively on my own time, or (c) created through access to or use of Roche's equipment, supplies, facilities or trade secret information. I agree to assign, and hereby do assign, to Roche my entire right, title and interest in each such invention, discovery, improvement, process, product and device. This provision does not apply to any invention that satisfies California Labor Code Section 2870.

Rev. 10.09                                     1

6. <u>Notification to Roche of Conflicts with My Own Inventions</u>. I will notify my supervisor and the Patent or Legal Department of Roche if I am asked to work in an area that conflicts with or is believed to conflict with an invention of mine that existed prior to the date on which my employment with Roche began or that conflict with any invention of mine made during my employment with Roche while on my own time, using my own resources, and not using any Roche information.

7. <u>Obtaining and Enforcing Patent Rights of Roche</u>. I will, upon the request of Roche, either during or after the term of my employment by Roche perform all acts necessary or desirable for Roche or its designee to secure its title in any Roche invention and to apply for, secure, maintain and enforce patents and other ownership rights for any such Roche invention throughout the world, including the following: 1) make all lawful oaths and declarations and execute and deliver to Roche or its designee any documents which are in the opinion of Roche or its counsel necessary to secure or assign to Roche or its designee full patent protection in any country on any invention, discovery, improvement, process, product or device which is the property of Roche under this Agreement; and 2) assist Roche or its designee by testifying or otherwise, in the obtaining or enforcement of any patent relating to any such invention, discovery, improvement, process, product or device. Roche will pay all reasonable expenses related to such activities.

8. <u>Publishing</u>. I understand and agree that during my employment by Roche, I will obtain the prior written approval of Roche before I submit for publication or presentation, publish or present or otherwise disclose any idea or information that (i) incorporates any Roche secret, confidential or proprietary idea and/or information, (ii) relates to my work for Roche, or (iii) relates to Roche's Area of Interest.

9. <u>Copyright Assignment</u>. I assign to Roche any copyright to which I am entitled for any Work of Authorship prepared by me in my work for Roche, including any moral rights therein.

10. <u>Roche Property</u>. I understand and agree that the following shall be the property of Roche exclusively: any materials kept, prepared or received by me in the course of or in order for me to perform my duties for Roche; any material containing any secret, confidential or proprietary idea and/or information, if such idea or information was developed by me for Roche or any of its Affiliates or obtained by me while employed by Roche from Roche, its employees, consultants, vendors or Affiliates.

11. <u>No Removal of Roche Property Without Approval</u>. I will not remove any property of Roche or its Affiliates from Roche's location, except and only so long as may be required for the performance of my duties for Roche or as otherwise authorized.

12. <u>Return of Roche Property Required Upon Request or Termination of Employment</u>. In the event of termination of my employment with Roche, or upon any request by Roche, I will immediately return to Roche any property of Roche or its Affiliates in my possession, control, or removed by me from Roche's location.

13. <u>No Retention of Roche Property After Employment</u>. I will return and will not improperly retain any Roche property, or any copies, notes, samples or materials thereof relating to Roche property upon termination of employment. I understand that I may keep personal files, such as employee

Rev. 10.09                                                    2

benefits files, that do not contain any Roche secret, confidential or proprietary ideas and/or information.

14. <u>Continuing Obligations After Employment Termination</u>.  I understand and agree that the obligations under identified below in this paragraph of this Agreement continue for a period of three (3) years beyond the termination of my employment relationship with Roche.

    a.   <u>Non-Disclosure of Secret and/or Confidential Information Ideas/Information After Employment</u>.  I will not copy, disclose, utilize or otherwise use any secret, confidential or proprietary idea and/or information that is (i) developed by me for Roche or its affiliates or (ii) obtained while I am employed by Roche from Roche, its employee, its consultants, vendors or affiliates for a period of three (3) years after termination of the employment relationship between me and Roche or until such idea or information becomes public knowledge, whichever comes first, or as required by law.

    b.   <u>Obligations to Disclose Inventions Conceived or Reduced to Practice After Employment</u>. During the three (3) year period following termination of the employment relationship between me and Roche, I will immediately disclose to Roche or its designee and keep adequate records on any invention, discovery, improvement, process, product or device, that is conceived, discovered, made or reduced to practice by me, either solely or jointly, if such invention, discovery, improvement, process, product or device is (i) developed specifically by me for Roche or its Affiliates, (ii) developed in the course of performing work for Roche or its Affiliates or (ii) based on secret, confidential or proprietary ideas and/or information obtained by me during the term of employment from Roche, its employees, its consultants, its vendors, or Affiliates.

    c.   <u>Inventions Conceived or Reduced to Practice After Employment</u>.  I understand and agree that during the three (3) year period following termination of my employment relationship with Roche any invention, discovery, improvement, process, product or device that is conceived, discovered, made or reduced to practice, whether patentable or not, whether solely or jointly, by me, is the property of Roche, if such invention, discovery, improvement, process, product or device results from or is based in part on (a) work developed for or performed by me for Roche, (b) secret, confidential or proprietary ideas and/or information obtained by me from Roche, its employees, vendors, consultants or Affiliates during my employment by Roche, or (c) access to or use of Roche's equipment, supplies or facilities.  I agree to assign, and hereby do assign, to Roche my entire right, title and interest in each such invention, discovery, improvement, process, product and device. This provision does not apply to any invention that satisfies California Labor Code Section 2870.

    d.   <u>Publishing After Employment</u>.  For a period of three (3) years after termination of my employment relationship with Roche, I will not submit for publication or presentation, or publish or present or otherwise disclose any idea or information relating to Roche's Area of Interest if such idea or information incorporates, results from or is based in part on (i) work developed by me for Roche or (ii) Roche secret, confidential or proprietary ideas and/or information obtained by me from Roche, its employees, consultants, vendors, or Affiliates while I was in Roche's employ without prior written approval of Roche.

15. <u>Outside Employment Requires Approval</u>.  I will not enter into or carry on during the term of my employment by Roche any outside employment, business or other activity relating to my duties at Roche, my profession, or Roche's Area of Interest, except as may be specifically authorized in writing by Roche.

Rev. 10.09                                    3

16. <u>Roche Use of Video Recordings and Photographs</u>.  I understand that on occasion, in the course of performing job duties or participating at Roche-sponsored events, I may by photographed, videotaped, and/or otherwise recorded by Roche or its representatives.  I authorize and give permission for Roche or its representatives to take and use any video, photograph(s), motion pictures, or other recordings (whether black/white, or color, in print, negative, digital or other form) of or including me at Roche's discretion for any purpose, including advertising, commercial or non-commercial use, without further notice or compensation to me for any initial or subsequent publication or disclosure, with or without my own name at any time.  I waive all claims that I, or my heirs, executors, administrators or assigns may have or claim to have resulting from such photographs or reproductions thereof.

17. <u>Choice of Law</u>.  This Agreement shall be construed according to the laws of the State of California.

18. <u>No Assignment</u>.  This Agreement may not be assigned by me.  Subject to the foregoing, this Agreement shall be binding upon my heirs, executors and administrators, and the successors and assigns of Roche.

19. <u>Complete Understanding and Agreement on these Subjects</u>.  This Agreement constitutes the complete understanding between me and Roche on the subjects covered, and supersedes and any all prior discussions, agreements and understandings between me and Roche, whether oral, implied or in writing.

20. <u>At Will Employment Relationship</u>.  I understand and agree that the employment relationship between me and Roche is at will and nothing in this agreement alters the at will relationship.  This means that either Roche or I may terminate the employment relationship at any time, for any reason, with or without cause and with or without notice.  I understand that the at will nature of the employment relationship may not be changed except by a written agreement between Roche and me specifically for such purpose, signed by me and an authorized representative of Roche.

21. <u>No Waiver and Declarations of Invalidity</u>.  Any failure on the part of Roche to insist upon the performance of this Agreement, or any part thereof, shall not constitute a waiver of any right under this agreement.  In the event any provision or any portion of any provision, of this Agreement should be declared invalid or unenforceable for any reason by a court of competent jurisdiction, such provision or portion thereof shall be considered separate and apart from the remainder of this agreement, which shall remain in full force and effect.

22. <u>Definitions.</u>  The following are definitions of certain terms used in this agreement.
a.   "Affiliates" shall mean any corporations or other business entities controlled by, controlling or under common control with Roche. For this purpose "control" shall mean direct or indirect beneficial ownership of more than fifty percent (50%) of the voting interest in such corporation or other business entity or having otherwise the power to govern the financial and the operating policies or to appoint the management of an organization. With respect to Roche, the term "Affiliate" shall not include Chugai Pharmaceutical Co., Ltd, 1-9, Kyobashi 2-chome, Chuo-ku, Tokyo, 104-8301, Japan unless Roche opts for such inclusion of that entity by giving written notice.
b.   "Area of Interest", as used in this Agreement, means any operations, field of research, investigation or business that relates to (i) Roche's or an Affiliate's actual business or (ii) an actual or demonstrably anticipated research or development that Roche is preparing or planning to engage.  I understand that if I am in doubt as to Roche's Area of Interest I can consult with the Patent or Legal Department for Roche.

Rev. 10.09                                                         4

c.  California Labor Code, Section 2870, reads as follows: "(a) Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either: (1) Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) Result from any work performed by the employee for the employer. (b) To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable."

d.  "Materials" include, but are not limited to: biological and chemical materials such as: antibodies, antigens, cells, chemicals, compositions, compounds, DNA and RNA, enzymes, formulations, peptides, proteins, vectors, modified forms of any of the foreoing, and other research materials or products of research; written records and documents such as: computer software, correspondence, documents, files, laboratory notebooks, memorandum, notes, records, reports, or other papers (including any copy thereof) or any Work of Authorship containing Roche secret, confidential or proprietary ideas and/or information, whether in paper, electronic, or some other format.

e.  "Secret, confidential, or proprietary ideas and/or information" means any idea or information of value owned, generated, received in confidence or possessed by Roche or an Affiliate and not generally known or available to the public, irrespective of the information medium (e.g. oral, written, electronic, magnetic, photographic), including but not limited to: 1) technical information relating to devices, such as: clinical, biological, device, and characterizing data; compounds; computer programs, software and related documentation; development status of devices; designs, drawings, or plans for devices; formulae; formulations; processes for developing devices; research projects; synthetic and manufacturing methods and processes; and 2) business information, such as: business, marketing or sales plans; the Corporate Information Directory and employee lists, including job descriptions and compensation; costs, pricing, reports, sales or other financial data or information; lists of suppliers or customers; findings, reports or records; marketing and sales plans.

f.  "Work of Authorship" has the meaning given it in Section 102 of the Copyright Act (17 U.S.C. 102). It includes, without limitation, notebooks, assay sheets, drawings, memoranda, printouts, and other documents; photographs, computer storage media; etc.

I certify that, to the best of my knowledge, I am not a party to any other agreement that will interfere with my full compliance with this Agreement. I have read carefully and understand all of the provisions of this Agreement and freely and voluntarily sign and agree to be bound by its terms, including those obligations that continue after the termination of my employment with Roche.

_____  _____  _____
David Kurtz                David Kurtz                09/23/2017
Employee Signature         Print Name                 Date

Signed: September 23, 2017
Time: 21:55 GMT
ID: 4724276
IP: 10.61.161.56

Rev. 10.09                         5