# EXHIBIT 4

Fourth Amendment
to the
Exclusive (Equity) Agreement
Effective 28 April 2014
Between
Stanford University
And
CappMed Medical, Inc.

Effective as of April 1, 2015 (the "Amendment Effective Date"), THE BOARD OF
TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, an institution of higher
education having powers under the laws of the State of California (hereinafter "Stanford"), and
Capp Medical, Inc. (hereinafter "CappMed"), a Delaware corporation having a primary place of
business at 14200 Shady Oak Court, Saratoga, CA 95070, for good and valuable consideration,
the receipt and sufficiency of which is acknowledged by the parties, agree as follows:

## 1. BACKGROUND

Stanford and CappMed are parties to that certain Exclusive (Equity) Agreement effective
April 28, 2014, as amended by the Parties pursuant to a first amendment effective December 8,
2014, a second amendment effective December 19, 2014, and a third amendment effective
December 22, 2014 (such agreement, together with the amendments, collectively, the "Original
Agreement" and as further amended by this 4th Amendment (as defined below), the
"Agreement"). Roche Molecular Systems, Inc. ("RMS"), a Delaware corporation, and CappMed
are entering into or have entered into an agreement and plan of merger.  CappMed will survive
the merger (the "Transaction").  Stanford and CappMed wish to amend and update certain terms
and conditions of the Agreement as set forth in this amendment (hereinafter "4th Amendment").

## 2. DEFINITIONS

Capitalized terms not otherwise defined herein shall have the definitions provided in the
Agreement.

2.1. "Affiliate" means, with respect to entity, any other entity controlling, controlled by or
    under common control with such entity.  For purposes of this definition and the
    Agreement, the term "control" (and correlative terms) means the power, whether by
    contract, equity ownership or otherwise, to direct the policies or management of an
    entity.  In the case of RMS, for purposes of this Agreement, the term "Affiliate" shall not
    include (a) Chugai Pharmaceutical Co., Ltd., 1-9, Kyobashi 2-chome, Chuo-ku, Tokyo,
    104-8301, Japan ("Chugai") or (b) assuming consummation of the equity purchase
    transactions currently contemplated between an Affiliate of RMS and Foundation

1

Medicine, Inc. ("Foundation"), Foundation, in each case, unless and until RMS provides written notice to Stanford specifying Chugai or Foundation as an Affiliate of RMS.

3.  **ASSIGNMENT**

    3.1. Stanford hereby consents to any deemed assignment by CappMed of the Agreement in connection with the Transaction and waives the conditions set forth in Section 16.3(A) of the Agreement with respect thereto. Stanford agrees that it shall receive the $75,000 assignment fee set forth in Section 16.3(C) of the Agreement within 30 days of the completion of the Transaction. Once such $75,000 assignment fee is paid, Stanford shall have no right to receive any further assignment fees in connection with the Agreement, including, for the avoidance of doubt, any subsequent permitted assignment.

    3.2. Effective as of the Closing, but only if the Closing occurs, RMS and CappMed agree that CappMed (the surviving entity in the merger to be consummated in connection with the Transaction) will continue to be bound by the Agreement notwithstanding any release of liability of CappMed set forth in Section 16.4 of the Agreement.

    3.3. Stanford agrees that there are no other conditions that must be satisfied for any assignment of the Agreement deemed to occur in connection with the Transaction, except those set forth in this 4th Amendment.

4.  **AMENDMENT**

    4.1. Section 16.2 of the Original Agreement is hereby amended and restated in its entirety to read as follows:

    > "Notwithstanding anything herein to the contrary, CappMed or any Affiliate of RMS to whom this Agreement is assigned in accordance with the terms hereof may assign this Agreement to any Affiliate of CappMed or any of RMS's Affiliates without the consent of Stanford, provided that such assignee agrees in writing to be bound by this Agreement. Any attempt to assign this Agreement other than in accordance with the foregoing or in accordance with Section 16.1 by CappMed or its permitted assignee is null and void."

    4.2. The introductory language to Section 16.3 of the Original Agreement is hereby amended and restated in its entirety to read as follows:

    > "Prior to any assignment (other than any assignment to an Affiliate of CappMed or an Affiliate of RMS in accordance with Section 16.2), the following conditions must be met:"

2

## 5. ORIGINAL AGREEMENT TO REMAIN IN FULL FORCE AND EFFECT; REFERENCES

5.1. The terms and provisions set forth in this 4th Amendment shall modify and supersede all inconsistent terms and provisions set forth in the Original Agreement and, except as expressly modified and superseded by this 4th Amendment, the Original Agreement is ratified and confirmed in all respects and shall continue in full force and effect.

5.2. All references in the Original Agreement to "herein," or words of like import, and all references to the Agreement in any agreement or document, shall hereafter be deemed to refer to the Agreement as amended hereby.

## 6. MISCELLANEOUS

6.1. Severability of Provisions. Any provision of this 4th Amendment which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

6.2. Execution in Counterparts. This 4th Amendment may be executed in any number of counterparts and by different parties hereto on separate counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same 4th Amendment.

## 7. CONTINGENT ON CLOSING

This 4th Amendment is contingent upon the Transaction being completed and if the Transaction does not occur, this 4th Amendment shall not take effect and shall be null and void.

*(signature page follows)*

3

IN WITNESS WHEREOF, the parties hereto have executed this 4th Amendment effective as of the Amendment Effective Date through their duly authorized officers or representatives.

THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERITY

Signature _Katharine Ku_

Name

Title _Katharine Ku_
_Executive Director, Technology Licensing_

Date _April 1, 2015_

CAPP MEDICAL, INC.

Signature _Ashok Krishnamurthi_

Name _ASHOK KRISHNAMURTHI_

Title _CEO_

Date _4/1/2015_

4