UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORESIGHT DIAGNOSTICS INC., et al., <br><br> Defendants. | Case No. 24-cv-03972-EKL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANTS MAXIMILIAN DIEHN AND ASH ALIZADEH TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 105 |

Before the court is Defendants Maximilian Diehn and Ash A. Alizadeh's motion to dismiss the first amended complaint. Mot. to Dismiss, ECF No. 105 ("Mot."). The Court carefully reviewed the parties' briefs and heard argument on April 30, 2025. For the reasons discussed below, the motion is GRANTED without prejudice as to Count 3 (Delaware Uniform Trade Secrets Act, 6 Del. Code § 2001 *et seq.* ("DUTSA"), and DENIED as to Count 1 (Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA")), Count 5 (Breach of Contract), and Count 7 (Breach of Implied Covenant of Good Faith and Fair Dealing).[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims by Roche Molecular Systems, Inc. and Roche Sequencing Solutions, Inc. (collectively, "Roche") against three former consultants, and the company they founded, for misappropriation of Roche's trade secrets. The three former consultants are Stanford

---

[1] After hearing, the parties agreed that Plaintiffs may amend the complaint to convert their DUTSA claim in Count 3 into a claim under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ("CUTSA"), so that Plaintiff's state law trade secret claims against Defendants Foresight Diagnostics, and Drs. Diehn and Alizadeh, will proceed under the CUTSA in Count 2. ECF No. 162. Thus, the Court dismisses Count 3 without prejudice, and grants leave to amend the complaint pursuant to the parties' agreement.

oncologists Maximilian Diehn ("Dr. Diehn"), Arash A. Alizadeh ("Dr. Alizadeh"), and David Kurtz ("Dr. Kurtz") (together, the "Doctors").[2] The Doctors founded Foresight Diagnostics Inc. ("Foresight") in 2020, while working for Roche. Together, the Doctors allegedly misappropriated Roche's trade secrets relating to methods for detecting and monitoring certain types of cancer, and developed a competing technology with Stanford University ("Stanford"), which Stanford licensed to Foresight for commercial development.[3]

In its concurrently issued order regarding Foresight's motion to dismiss the first amended complaint, ECF No. 166 ("Foresight Order"), the Court summarizes the factual background and procedural history of the case. The Court incorporates Sections I and II of the Foresight Order. Foresight Order at 2-5. To the extent that additional facts are relevant to this motion, the Court discusses them below.[4]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*, 550 U.S. at 556). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they

---

[2] In this Order the Court refers to Drs. Diehn and Alizadeh separately rather than collectively where the discussion pertains to the arguments or contracts specific to them.

[3] The Court GRANTS Drs. Diehn and Alizadeh's unopposed request for judicial notice of patent applications 61/798,925, PCT/US/2014/025020, and 62/931,688, and Patent No. 11,085,084. Heinrich Decl. Exs. A-D, ECF Nos. 106-1, 106-2, 106-3, 106-4. The Court may take judicial notice of patents as public records. *Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 942 n.4 (E.D. Cal. 2021).

[4] All Defendants filed motions to dismiss the amended complaint. *See* ECF Nos. 103, 105, 107, 109.

are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). If the court finds that dismissal pursuant to Rule 12(b)(6) is warranted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

The Doctors raise several arguments in favor of dismissal. First, they argue that Roche's trade secret misappropriation claims are time-barred, and that Roche fails to identify any trade secrets. The Court denies the motion to dismiss Roche's misappropriation claims.[5] *See* Foresight Order at 6-10. Second, the Doctors argue that Roche has not stated plausible claims for breach of contract or breach of the implied covenant of good faith and fair dealing. The Court addresses each claim in turn.

#### A. Roche States a Plausible Claim for Breach of Contract Against Drs. Diehn and Alizadeh.

The contracts at issue are the Consulting Agreements that Drs. Diehn and Alizadeh executed when they began working for Roche in 2015. FAC Ex. 1, ECF No. 159-1 ("Consulting Agmts."). The Consulting Agreements are governed by Delaware law. Consulting Agmts § 22. To state a claim for breach of contract under Delaware law, the plaintiff must demonstrate "first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *Weyerhaeuser Co. v. Domtar Corp.*, 61 F. Supp. 3d 445, 449 (D. Del. 2014), *aff'd*, 721 F. App'x 186 (3d Cir. 2018)

---

[5] In the related Foresight Order, the Court found that Roche's misappropriation claims are not time-barred due to the publication of Chabon 2020 at the pleading stage, and that Roche's allegations and exhibits describe the alleged trade secrets with "sufficient particularity to separate [them] from matters of general knowledge" about the Capp-Seq/iDES technology that Roche acquired from CappMed. Foresight Order at 6-10; *see also InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (noting that to prove ownership of a trade secret, a plaintiff "should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.").

3

(quoting *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003)). Delaware law applies a three-year statute of limitations to breach of contract claims. *Id*. at 451 (quoting *In re Marvel Ent. Grp., Inc.*, Civ. Nos. 97-638, 98-756, 273 B.R. 58, 80 (D. Del. 2002)).

The Consulting Agreements obligated Drs. Diehn and Alizadeh to protect the confidentiality of Roche's trade secrets; precluded the disclosure of Roche's trade secrets to third parties without Roche's consent; and required assignment and disclosure to Roche of any inventions that were created "in the course of or as a result of services performed under the Consulting Agreements." FAC ¶ 403. Roche alleges that Drs. Diehn and Alizadeh breached the Consulting Agreements "by using and disclosing certain of the Roche Trade Secrets in patent applications upon which they were named inventors," and by purporting to assign their interests in disputed patent applications covering PhasED-Seq to Stanford rather than Roche. *Id*. ¶ 407.

Drs. Diehn and Alizadeh argue that Roche cannot establish a breach of the Consulting Agreements because they assigned the inventions to Stanford pursuant to earlier assignment agreements they executed with Stanford (the "Stanford Policies").[6] Mot. at 18-21. To support this argument, Drs. Diehn and Alizadeh cite to specific provisions in the Stanford Policies. *Id*. (citing Heinrichs Decl. Exs. F-H, ECF Nos. 106-6, 106-7). According to Drs. Diehn and Alizadeh, the earlier-executed Stanford Policies predate any assignment obligation to Roche. Thus, they assert that Roche's breach claim fails because "you cannot convey title to property you no longer own." Mot. at 21.

Drs. Diehn and Alizadeh's argument relies on the consideration of the Stanford Policies, and they request that the Court incorporate the Stanford Policies by reference in the amended complaint. Mot. at 19 (arguing that the amended complaint "acknowledged" their obligations to

---

[6] Drs. Diehn and Alizadeh also challenge Roche's breach of contract claim on two other grounds. First, they argue that Roche's breach claim is time-barred because the breach is based on the misappropriation of trade secrets, relying on the publication of Chabon 2020 in March 2020. Mot. at 17. Second, they argue that Roche fails to state a claim based on their alleged use or disclosure of any trade secrets, because Roche has not identified any trade secrets. *Id*. at 17-18. For the reasons discussed in the Foresight Order, and as discussed earlier in footnote 5, Roche's misappropriation claims are not time-barred, and Roche has alleged its trade secrets with sufficient particularity. Accordingly, the motion is denied as to Count 5 to the extent it relies on these arguments.

4

Stanford); *see also* FAC ¶ 54; Consulting Agmts. § 5.1. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The amended complaint does not refer extensively to the Stanford Policies. At most, the Consulting Agreements refer to the Doctors' "conflicts of interest" vis-à-vis Stanford. *See* Consulting Agmts. at § 5.1. The "mere mention" of a document's existence is insufficient to incorporate its contents by reference. *Id.*

Furthermore, Drs. Diehn and Alizadeh offer the Stanford Policies to dispute Roche's well-pled allegations regarding the legal effect of the Consulting Agreements. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 342 F.3d at 1002. Even if the Stanford Policies were incorporated by reference, the Court could not properly consider the truth of their contents. *Id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."). The Court denies Drs. Diehn and Alizadeh's request to incorporate the Stanford Policies by reference in the amended complaint.

Because the Court does not consider the Stanford Policies at this stage, it does not resolve the challenge to the breach of contract claim raised in this motion. Roche otherwise plausibly alleges that Drs. Diehn and Alizadeh breached the Consulting Agreements. Accordingly, the motion to dismiss the breach of contract claim is denied.

### B. Roche States a Plausible Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Against Drs. Diehn and Alizadeh.

"Under Delaware law, an implied duty of good faith and fair dealing is interwoven into every contract." *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007) (citing *Chamison v. HealthTrust, Inc.*, 735 A.2d 912, 920 (Del. Ch. 1999)). "In order to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must

allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Id*. at 581-82 (citing *Fitzgerald v. Cantor*, No. C.A. 16297-NC, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)).

Drs. Diehn and Alizadeh move to dismiss this claim on the ground that it is "just another repackaging of its breach of contract claim and fails for the same reasons," *i.e.*, because Roche has not plausibly alleged that the Doctors used or disclosed any Roche trade secrets in their development of PhasED-Seq.[7] Mot. at 22. As noted above, the Court denies the motion to dismiss Count 5 on this basis, and denies the motion to dismiss Count 7 for the same reason.

Alternatively, Drs. Diehn and Alizadeh contend that even if Roche does allege a plausible breach of contract claim, the claim for breach of the implied covenant fails under Delaware law because both claims arise from the same conduct. *Id*. at 23. The implied covenant is "a limited and extraordinary legal remedy" which "cannot be invoked 'when the contract addresses the conduct at issue.'" *Glaxo Grp. Ltd. V. DRIT LP*, 248 A.3d 911, 920 (2021). Roche argues that it should be able to maintain its claim for breach of the implied covenant to the extent that Drs. Diehn and Alizadeh challenge the breach of contract claim by arguing that the Stanford Policies effectively mooted their assignment obligation to Roche, creating a "gap" in the Consulting Agreements. Opp. at 21 n.10. "If a gap exists, the court must determine 'whether the implied covenant should be used to supply a term to fill the gap.'" *Walgreen, Co. v. Theranos, Inc.*, No. 16-1040-RGA-MPT, 2017 WL 3189006, at *6 (D. Del. July 27, 2017) (quoting *Allen v. El Paso Pipeline GP Co., LLC*, 113 A.3d 167, 183 (Del. Ch. 2014)). "Delaware courts will only imply contract terms when 'the party asserting the implied covenant proves that the other party has acted arbitrarily or unreasonably, thereby frustrating the fruits of the bargain that the asserting party reasonably expected.'" *Id*. (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010)). Roche alleges that the Doctors' use of trade secrets to develop competing technology interfered with its right to receive the benefits of the Consulting Agreements. FAC ¶ 419. The Court finds Roche's

---

[7] Drs. Diehn and Alizadeh also argue that this claim is also barred by the three-year statute of limitations under Delaware law. This argument fails for the same reason that Defendants' other statute of limitations-based arguments fail. *See* Foresight Order at 6-9.

argument plausible in light of Drs. Diehn and Alizadeh's reliance on the purported earlier assignment to Stanford.[8] Accordingly, the Court denies the motion to dismiss Roche's claim for breach of the implied covenant.[9]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion of Drs. Diehn and Alizadeh without prejudice as to Count 3. Pursuant to the parties' agreement, Roche is granted leave to amend the complaint to consolidate its state law trade secret claims under the CUTSA. In all other respects the motion is DENIED.

Roche shall file an amended complaint consistent with this Order within fourteen days. Upon filing the amended complaint, Roche shall also file a redlined version comparing it to the original complaint.

**IT IS SO ORDERED.**

Dated:  July 16, 2025

_____
Eumi K. Lee
United States District Judge

---

[8] The Court further notes that Drs. Diehn and Alizadeh did not address the substance of this argument, but only urged the Court to disregard the argument because it was raised in a footnote. Reply at 14, ECF No. 129. The Court declines to do so.

[9] The denial as to Count 7 is done without prejudice as to Drs. Diehn and Alizadeh raising this argument later in the litigation.

7