UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHE MOLECULAR SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORESIGHT DIAGNOSTICS INC., et al.,<br><br>Defendants. | Case No. 24-cv-03972-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION OF DEFENDANT DAVID KURTZ TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 107 |

Before the court is Defendant David Kurtz's motion to dismiss the first amended complaint. Mot. to Dismiss, ECF No. 107 ("Mot."). The Court carefully reviewed the parties' briefs and heard argument on April 30, 2025. For the reasons discussed below, the motion is GRANTED without prejudice as to Count 6 (Breach of Implied Covenant of Good Faith and Fair Dealing), and DENIED as to Count 1 (Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA")), Count 2 (California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ("CUTSA")), and Count 4 (Breach of Contract).[1]

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case involves claims by Roche Molecular Systems, Inc. and Roche Sequencing Solutions, Inc. (collectively, "Roche") against three former consultants, and the company they founded, for misappropriation of Roche's trade secrets. The three former consultants are Stanford oncologists Maximilian Diehn ("Dr. Diehn"), Arash A. Alizadeh ("Dr. Alizadeh"), and David

---

[1] After hearing, the parties agreed that Plaintiffs may amend the complaint to combine their state law trade secret misappropriation claims under the CUTSA in Count 2, and to withdraw their unfair competition claims under Counts 8 and 9 as to the entity Defendants. ECF No. 162. Thus, the Court grants leave to amend the complaint pursuant to the parties' agreement.

Kurtz ("Dr. Kurtz") (together, the "Doctors").[2] The Doctors founded Foresight Diagnostics Inc. ("Foresight") in 2020, while working for Roche. Together, the Doctors allegedly misappropriated Roche's trade secrets relating to methods for detecting and monitoring certain types of cancer, and developed a competing technology with Stanford University ("Stanford"), which Stanford licensed to Foresight for commercial development.[3]

In its concurrently issued order regarding Foresight's motion to dismiss the first amended complaint, ECF No. 166 ("Foresight Order"), the Court summarizes the factual background and procedural history of the case. The Court incorporates Sections I and II of the Foresight Order. Foresight Order at 2-5. To the extent that additional facts are relevant to this motion, the Court discusses them below.[4]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*, 550 U.S. at 556). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

---

[2] In this Order the Court refers to Dr. Kurtz separately rather than collectively where the discussion pertains to the arguments or contract specific to him.

[3] The Court GRANTS Dr. Kurtz's unopposed request for judicial notice of patent applications 61/798,925, PCT/US/2014/025020, and 62/931,688, and Patent No. 11,085,084. Heinrich Decl. Exs. A-D, ECF Nos. 108-1, 108-2, 108-3, 108-4. The Court may take judicial notice of patents as public records. *Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 942 n.4 (E.D. Cal. 2021).

[4] All Defendants filed motions to dismiss the amended complaint. *See* ECF Nos. 103, 105, 107, 109.

2

(per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). If the court finds that dismissal pursuant to Rule 12(b)(6) is warranted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. DISCUSSION

Dr. Kurtz raise several arguments in favor of dismissal. First, he argues that Roche's trade secret misappropriation claims are time-barred, and that Roche fails to identify any trade secrets. The Court denies the motion to dismiss Roche's misappropriation claims.[5] *See* Foresight Order at 6-10. Second, Dr. Kurtz argues that Roche has not stated plausible claims for breach of contract or breach of the implied covenant of good faith and fair dealing. The Court addresses each claim in turn.

### A. Roche States a Plausible Claim for Breach of Contract Against Dr. Kurtz.

The contract at issue is the Proprietary Information and Invention Agreement ("the Agreement") that Dr. Kurtz executed when he began working for Roche in 2017. FAC Ex. 2, ECF No. 159-2. A breach of contract claim requires "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). California law applies a four-year statute of limitations to claims for breach of a written contract. Cal. Civ. Proc. Code § 337. For the reasons discussed below, the Court finds that Roche states a plausible claim for breach of contract against Dr. Kurtz.

The Agreement obligated Dr. Kurtz to protect the confidentiality of Roche's trade secrets;

---

[5] In the related Foresight Order, the Court found that Roche's misappropriation claims are not time-barred due to the publication of Chabon 2020 at the pleading stage, and that Roche's allegations and exhibits describe the alleged trade secrets with "sufficient particularity to separate [them] from matters of general knowledge" about the Capp-Seq/iDES technology that Roche acquired from CappMed. Foresight Order at 6-10; *see also InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (noting that to prove ownership of a trade secret, a plaintiff "should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.").

3

1  precluded Dr. Kurtz from accepting outside employment relating to Roche's area of interest
2  without Roche's consent; and required the assignment and disclosure to Roche of any inventions
3  that related to Roche's business.  FAC ¶ 395.  Roche alleges that Dr. Kurtz breached the
4  Agreement by failing to disclose and assign to Roche the inventions claimed in the patent
5  applications covering PhasED-Seq; by "using and disclosing certain of the Roche Trade Secrets in
6  patent applications upon which he was a named inventor"; and by entering into employment with
7  Foresight in Roche's area of interest without Roche's knowledge or approval.  *Id*. ¶¶ 396-399.

8  Dr. Kurtz argues that Roche fails to state a claim for breach of contract because Roche did
9  not pay Dr. Kurtz what he was owed under the Agreement.  At minimum, Dr. Kurtz asserts that
10  Roche must allege with more specificity that it performed its payment obligations under the
11  Agreement.  Mot. at 16.

12  The authority cited by Dr. Kurtz does not support the application of a more particularized
13  pleading standard in this case.  *See, e.g.*, *Karns & Karns LLP v. Quintess Mktg., LLC*, 2:23-cv-
14  04434-SPG-KS, 2023 WL 9894466, at *4 (C.D. Cal. July 25, 2023) (holding that nature of
15  contract terms required plaintiff to allege its performance with more specificity before it could
16  establish breach by defendant); *see also Patton v. Experian Data Corp*., No. SACV 17-01559-
17  JVS, 2018 WL 10126001, at *4 (C.D. Cal. Dec. 4, 2018) (dismissing breach of contract
18  counterclaim due to "inconsistent and contradictory allegations regarding the application and
19  terms of the contract" that was breached).  Dr. Kurtz does not identify any portions of the
20  Agreement that necessitate more specific pleading related to performance, as in *Karns & Karns*.
21  Nor does Dr. Kurtz identify any contradictory allegations in the amended complaint that must be
22  clarified through more specific pleading.

23  In support of his argument regarding non-payment, Dr. Kurtz raises a factual dispute that is
24  not appropriate for resolution at the pleading stage.  Dr. Kurtz submits an employment services
25  agreement ("ESA") containing the payment terms for the Agreement.  Mot. at 16 (citing Heinrichs
26  Decl. Ex. F, ECF No. 108-6).  Dr. Kurtz argues that the ESA is incorporated by reference in the
27  amended complaint because (1) its authenticity cannot be questioned; (2) certain of Roche's
28  claims "depend expressly on the fact that Dr. Kurtz was a Roche employee/contractor; and (3) the

4

ESA dictates Roche's consideration for the Agreement, "without which the Kurtz Agreement would be invalid." *Id*. at 16.

The Court declines to consider the ESA for this purpose. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018). Even if the ESA were incorporated by reference, the Court could not properly consider the truth of its contents to resolve the factual dispute raised by Dr. Kurtz. Accordingly, the Court finds that Roche states a plausible claim against Dr. Kurtz for breach of contract.

### B. Roche Does Not State a Plausible Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing Against Dr. Kurtz.

"Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1393 (1990) (first citing Restatement (Second) of Contracts § 205 (1981), then citing *Egan v. Mutual of Omaha Ins. Co*., 24 Cal.3d 809, 818 (1979)). Under the implied covenant, both parties have a burden to refrain from doing anything that will "injure the right of the other to receive the benefits of the agreement." *Id*. (quoting *Gruenberg v. Aetna Ins. Co*., 9 Cal.3d 566, 573 (1973)). A breach of the implied covenant "involves something beyond breach of the contractual duty itself." *Id*. at 1394.

Dr. Kurtz argues that this claim is duplicative of the breach of contract claim. The Court agrees that both claims allege the same grounds for breach. *Compare* FAC ¶¶ 396-399 (alleging how Dr. Kurtz breached the Agreement), *with* FAC ¶¶ 412-415 (alleging how Dr. Kurtz breached the implied covenant under the Agreement). Roche argues that it should be able to assert a claim for breach of the implied covenant to the extent that Dr. Kurtz seeks to argue that he was not required under the Agreement to assign the disputed inventions to Roche. Opp. at 21 n.9. This argument is not plausible because Dr. Kurtz does not challenge the breach of contract claim on this basis; rather, he asserts lack of consideration, which relates to Roche's performance. *See* Mot. at 15-18.

To sustain its claim for breach of the implied covenant, Roche must show that Dr. Kurtz's conduct "demonstrates a failure or refusal to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co.*, 222 Cal. App. 3d at 1395. "Just what conduct will meet this criteria must be determined on a case by case basis and will depend on the contractual purposes and reasonably justified expectations of the parties." *Id*. "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id*.

Roche did not respond to this argument or identify any "conscious and deliberate act" by Dr. Kurtz that thwarted the purpose of the Agreement, apart from the breach itself. *Id*. Absent such allegations, this claim is duplicative of the breach of contract claim. Thus, the Court grants the motion as to Count 6 and dismisses Roche's claim for breach of the implied covenant with leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, Dr. Kurtz's motion is GRANTED with leave to amend as to Count 6, and DENIED in all other respects. Pursuant to the parties' agreement, Roche is also granted leave to amend the complaint to consolidate its state law trade secret claims under the CUTSA in Count 2. Roche shall file an amended complaint consistent with this Order within fourteen days. Upon filing the amended complaint, Roche shall also file a redlined version comparing it to the original complaint.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Eumi K. Lee
United States District Judge