UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROCHE MOLECULAR SYSTEMS, INC., et al., | Case No. 24-cv-03972-EKL |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION OF DEFENDANT STANFORD TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| FORESIGHT DIAGNOSTICS INC., et al., | |
| Defendants. | Re: Dkt. No. 109 |

Before the Court is Defendant Board of Trustees of the Leland Stanford Junior University's ("Stanford's") motion to dismiss the first amended complaint. Mot. to Dismiss, ECF No. 109 ("Mot."). The Court carefully reviewed the parties' briefs and heard argument on April 30, 2025. For the reasons discussed below, the motion is GRANTED without prejudice as to Count 1 (Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* ("DTSA")), Count 2 (California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.* ("CUTSA")), and Count 8 (California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200), and DENIED as to Count 10 (Declaratory Judgment).[1]

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This case involves claims by Roche Molecular Systems, Inc. and Roche Sequencing Solutions, Inc. (collectively, "Roche") against three former consultants, and the company they founded, for misappropriation of Roche's trade secrets. The three former consultants are Stanford oncologists Maximilian Diehn ("Dr. Diehn"), Arash A. Alizadeh ("Dr. Alizadeh"), and David

---

[1] After hearing, the parties agreed that Plaintiffs may amend the complaint to withdraw Count 8, reserving the right to seek leave to amend if discovery reveals additional facts establishing unfair competition. ECF No. 162. Thus, the Court dismisses Count 8 without prejudice, and grants leave to amend the complaint pursuant to the parties' agreement.

Kurtz ("Dr. Kurtz") (together, the "Doctors"). The Doctors founded Foresight Diagnostics Inc. ("Foresight") in 2020, while working for Roche. Together, the Doctors allegedly misappropriated Roche's trade secrets relating to methods for detecting and monitoring certain types of cancer, and developed a competing technology with Stanford, which Stanford licensed to Foresight for commercial development.[2]

In its concurrently issued order regarding Foresight's motion to dismiss the first amended complaint, ECF No. 166 ("Foresight Order"), the Court summarizes the factual background and procedural history. The Court incorporates Sections I and II of the Foresight Order. Foresight Order at 2-5. To the extent that additional facts are relevant to this motion, the Court discusses them below.[3]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556). For purposes of a Rule 12(b)(6) motion, the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). If the court

---

[2] The Court GRANTS Stanford's unopposed request for judicial notice of Patent No. 11,085,084. Req. for Jud. Notice Ex. A, ECF No. 109-2. The Court may take judicial notice of patents as public records. *Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 942 n.4 (E.D. Cal. 2021).

[3] All Defendants filed motions to dismiss the amended complaint. See ECF Nos. 103, 105, 107, 109.

1  finds that dismissal pursuant to Rule 12(b)(6) is warranted, the "court should grant leave to amend
2  even if no request to amend the pleading was made, unless it determines that the pleading could
3  not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
4  Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. DISCUSSION

Stanford raises several arguments in favor of dismissal. First, Stanford argues that Roche's trade secret misappropriation claims are time-barred, and that Roche fails to identify any trade secrets. The Court denies the motion to the extent that it relies on these arguments.[4] *See* Foresight Order at 6-10. Second, it contends that Roche fails to allege misappropriation by *Stanford*. Third, Stanford asserts that Roche claim for declaratory judgment of ownership of disputed patent applications must be dismissed for lack of subject matter jurisdiction, and because Roche fails to allege the existence of a justiciable controversy. The Court addresses these arguments in turn.

### A. Roche Fails to State a Plausible Claim for Trade Secret Misappropriation Against Stanford.

"To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *InteliClear*, 978 F.3d at 657-58 (citing 18 U.S.C. § 1839(5)). Because the claim elements for trade secret misappropriation under the DTSA and the CUTSA are "substantially similar," courts have analyzed these claims together. *Id*. at 657.

Stanford argues that with the "heavy focus" on Foresight and the Doctors, the allegations in the amended complaint as to Stanford are conclusory and do not establish a claim under Rule

---

[4] In the related Foresight Order, the Court found that Roche's misappropriation claims are not time-barred due to the publication of Chabon 2020 at the pleading stage, and that Roche's allegations and exhibits describe the alleged trade secrets with "sufficient particularity to separate [them] from matters of general knowledge" about the Capp-Seq/iDES technology that Roche acquired from CappMed. Foresight Order at 6-10; *see also InteliClear, LLC v. ETC Glob. Holdings, Inc*., 978 F.3d 653, 658 (9th Cir. 2020) (noting that to prove ownership of a trade secret, a plaintiff "should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.").

3

1    12(b)(6).  Mot. at 12.   The Court agrees.

2    Roche argues that Stanford knew or had reason to know that it was acquiring Roche trade
3    secrets by improper means, and was aware or should have been aware that the Doctors had
4    ongoing confidentiality obligations to Roche regarding the subject matter of its alleged trade
5    secrets.  FAC ¶¶ 348-349.  To support its argument, Roche points to a December 2023 statement
6    by Stanford, in which Stanford announced that PhasED-Seq "builds upon a technique called
7    CAPP-Seq, or cancer personalized profiling by deep sequencing, developed in 2014 by Alizadeh
8    and Diehn to assess lung cancer levels and response to treatment."  *Id*. ¶ 263 (citing *id.* Ex. 12).
9    Roche asserts that this statement was an acknowledgment that PhasED-Seq's use of Roche's trade
10   secrets.  However, the amended complaint also alleges that certain aspects of CAPP-Seq were
11   publicly known at the time of its acquisition.  *Id*. ¶ 80.  Thus, Stanford's public statement cannot
12   plausibly be construed as "public acknowledgement" that Stanford knew PhasED-Seq was
13   developed using Roche's trade secrets.  *Id*. ¶ 300 (citing Ex. 12).

14   Roche further alleges that "Stanford employees, including at least [the Doctors]," knew
15   that fifteen disputed patent applications ("DPAs") filed by Stanford between November 6, 2020
16   and October 4, 2023, disclosed and claimed inventions built on technology owned by Roche.  *Id*.
17   ¶ 302.  Roche contends Stanford "was aware" that the DPAs disclosed and claimed inventions
18   built on Roche technology, and that Dr. Kurtz was contractually obligated to disclose and assign
19   the inventions to Roche.  *Id*. ¶ 303.  These allegations are too conclusory to establish that Stanford
20   knowingly misappropriated Roche trade secrets, or to support an inference of such knowledge,
21   because they fail to allege *how* Stanford knew or had reason to know this information.  *See, e.g*.,
22   *Carr v. AutoNation Inc*., No. 2:17-cv-01539, 2018 WL 288018, at *3 (E.D. Cal. Jan. 4, 2018)
23   (dismissing misappropriation claim because the plaintiff's allegations of the acquirer's knowledge
24   were too conclusory to state a claim under the CUTSA).

25   Roche relies on a *respondeat superior* theory to bolster its argument, asserting that the
26   Doctors' knowledge should be imputed to Stanford.  Under this theory, the Doctors' knowledge
27   that they were contractually obligated to assign their inventions to Roche, and that the DPAs were
28   based on Roche's trade secrets, should be imputed to Stanford by virtue of its status as the

Doctors' employer. Opp. at 17-18. Roche cites *Beluca Ventures LLC v. Einride Aktiebolag* to support this theory, but *Beluca Ventures* is factually distinguishable. In *Beluca Ventures*, Einride board member Christian Lagerling ("Lagerling") emailed Beluca Ventures a report containing Einride trade secrets. 660 F. Supp. 3d 898, 904-05 (N.D. Cal. 2023). In addition to being an Einride board member, Lagerling was principal and sole member of Beluca Ventures, and a managing partner of counter-defendant Core Finance. *Id*. at 904. Einride alleged that Lagerling, Beluca Ventures, and Core Finance used Einride's trade secrets to create a business plan for one of Einride's competitors. *Id*. at 905. The court denied Beluca Ventures' motion to dismiss the misappropriation counterclaims, finding that Einride had sufficiently alleged misappropriation by Lagerling and Beluca Ventures. *Id*. at 911. The court found that "Lagerling's knowledge of his obligation to maintain the confidentiality of Einride's trade secrets" could be imputed to Core Finance because Lagerling was a managing partner of Core Finance. *Id*. at 911 n.8 (noting that the "Ninth Circuit has held that a managing partner's knowledge may be imputed to the corporate entity." (citing *ESG Cap. Partners, LP v. Stratos*, 929 F.3d 1023, 1037 n.3 (9th Cir. 2016))).

Roche's allegations regarding Stanford do not support a similar result in this case as they are general and conclusory. Although Roche alleges that Stanford "was aware" that the DPAs were built on technology the Doctors had sold to Roche, it provides no further facts in support of this conclusion. *See* FAC ¶¶ 296-305. Without more, the allegations are insufficient, and Roche fails to plausibly allege the misappropriation of trade secrets by Stanford. Thus, the Court dismisses Counts 1 and 2 as to Stanford with leave to amend, for failure to state a plausible claim for misappropriation.

**B.    Roche States a Plausible Request for Declaratory Judgment Regarding Ownership of the DPAs.**

Under Count 10, Roche seeks a declaratory judgment of ownership of the DPAs. FAC ¶¶ 285, 438-446. Stanford argues that Roche's declaratory judgment claim should be dismissed "if the DTSA claim is also dismissed," because the Declaratory Judgment Act creates only a remedy, and not an independent basis for jurisdiction. Mot. at 18 (citing *Columbia Sussex Mgmt., LLC v. City of Santa Monica*, 482 F. Supp. 3d 1002, 1016 n.3 (C.D. Cal. 2020)).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1044 (N.D. Cal. 2020) (quoting 28 U.S.C. § 2201(a)). "To determine whether a declaratory judgment action presents a justiciable case or controversy, courts consider whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[5] *Epic Games*, 435 F. Supp. 3d at 1044 (quoting *Shell Gulf of Mexico, Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014)).

The amended complaint states a declaratory judgment claim by alleging the existence of a controversy regarding ownership of the DPAs between Roche on one hand, and Foresight and Stanford on the other. FAC ¶¶ 438-445. Roche alleges that Stanford "improperly claims to be the true owner" of the DPAs, which "constitute an improper and unauthorized assignment of Roche's interest and ownership of the disclosed inventions to Stanford." *Id.* ¶ 445. Roche seeks a declaration "that Roche is the true and lawful owner of all right, title, and interest in and to" the DPAs, or "at least a co-owner." *Id.* ¶ 446. These allegations link Roche's request for a declaratory judgment regarding ownership of the DPAs not only to Roche's claims against Stanford, but also to Roche's claims against the Doctors for breach of their respective contractual obligations and to its claims against Foresight for misappropriation. Because the Court is issuing a concurrent order denying the dismissal of Roche's breach of contract claims against the Doctors and the misappropriation claims against Foresight, the Court denies Stanford's request to dismiss Count 10.

Stanford also disputes the substance of Roche's request, asserting that it is unable to prove ownership of the DPAs. Mot. at 19. To support this argument, Stanford relies on the assignment

---

[5] Stanford does not argue that the alleged dispute lacks immediacy. Accordingly, the Court's analysis focuses on whether Roche's allegations otherwise support a claim for declaratory judgment at this stage.

of the inventions in the earlier patent assignment agreements that the Doctors executed in favor of Stanford (the "Stanford Policies"). Mot. at 19-20. According to Stanford, the earlier-executed Stanford Policies predate any assignment obligation to Roche, precluding Roche from establishing an ownership interest in PhasED-Seq "because it already belonged to Stanford under these earlier-in-time agreements." Mot. at 19 (citing Consulting Agreements § 5.1).

The Court denies the motion to the extent it relies on this assertion because it requires the Court to consider the substance of the Stanford Policies, which are not properly before the Court.[6] Stanford requests to incorporate the Stanford Policies by reference in the amended complaint. "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). Roche's amended complaint does not refer extensively to the Stanford Policies. At most, the Consulting Agreements refer to the Doctors' "conflicts of interest" vis-à-vis Stanford. *See* Consulting Agreements at § 5.1. The "mere mention" of a document's existence is insufficient to incorporate its contents by reference.[7] *Id*. The Court finds that the Stanford Policies are not incorporated by reference.[8] Because the Court does not consider the Stanford Policies at this stage, it does not resolve Stanford's substantive challenge to the declaratory judgment claim. Roche otherwise states a plausible request for a declaratory judgment of ownership of the DPAs. Accordingly, the motion is denied as to Count 10.

---

[6] Stanford did not request judicial notice of the Stanford Policies in connection with this motion. Instead, it cites a previous request for judicial notice filed in support of the prior motion to dismiss, *see* Mot. at 19 (citing Req. for Jud. Notice Exs. 4, 5, 6, ECF Nos. 61-4, 61-5, 61-6), which was rendered moot by the filing of the amended complaint. ECF No. 87. The Court denies any request by Stanford to take judicial notice of the Stanford Policies, as there is no apparent basis to do so.

[7] Furthermore, Stanford offers the Stanford Policies to dispute Roche's well-pled allegations against the Doctors regarding their legal effect. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 342 F.3d at 1002.

[8] Even if the Stanford Policies were incorporated by reference, the Court could not properly consider the truth of their contents. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id*. at 1003.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Stanford's motion without prejudice as to Counts 1 and 2, and DENIES Stanford's motion as to Count 10. Roche is granted leave to amend Counts 1 and 2 in accordance with this Order. Count 8 will be withdrawn pursuant to the parties' agreement.

Roche shall file an amended complaint consistent with this Order within fourteen days. Upon filing the amended complaint, Roche shall also file a redlined version comparing it to the original complaint.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Eumi K. Lee
United States District Judge